**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM J. WILSON et al., | : | |
| | : | |
| Plaintiffs, | : | Civ. No. 03-2737 (GEB) |
| | : | |
| v. | : | |
| | : | |
| DONALD L. BEEKMAN et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Defendants and | : | |
| Third-Party Plaintiffs, | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF NEPTUNE | : | |
| SHADE TREE COMMISSION, | : | |
| | : | |
| Third-Party Defendant. | : | |

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion for summary judgment of Third-Party Defendant Township of Neptune Shade Tree Commission (hereinafter the "Shade Tree Commission") [Docket # 48], filed pursuant to Federal Rule of Civil Procedure 56. Defendants/Third-Party Plaintiffs Donald L. Beekman, Linda Beekman, Jeffrey P. Beekman, and the law firm Beekman and Beekman (hereinafter, collectively, the "Beekmans") oppose this motion. [Docket # 50] The Court has considered the parties' submissions and decided the motion without oral argument pursuant to FED. R. CIV. P. 78. For the reasons set forth below, the Court will grant the Shade Tree Commission's motion for summary judgment.

## I.     BACKGROUND

Plaintiffs William J. Wilson and Marie L. Wilson (hereinafter the "Wilsons") filed the

initial complaint in this personal injury diversity action on June 6, 2003. (Compl.) [Docket #1]

The Wilsons' complaint asserted that on July 11, 2002, Mr. Wilson was severely injured after he

tripped while walking along the sidewalk that abuts the Beekman and Beekman law firm, located

at 47 Main Avenue in Neptune, New Jersey.[1] (*Id.*) In sum, the Wilsons' complaint alleged that

the Beekmans had a duty to maintain the sidewalk that abuts 47 Main Avenue, negligently failed

to do so, and thereby caused the Wilsons' injuries. (*Id.*) On March 3, 2004, the Beekmans made

a motion to file a third-party complaint against the Township of Neptune and the Shade Tree

Commission. [Docket # 8] The Beekmans claimed that both municipal entities were negligent

in not properly maintaining the sidewalk where Mr. Wilson fell, and sought indemnification for

any potential liability to the Wilsons. (*Id.*) The Beekmans' motion was denied by United States

Magistrate Judge Bongiovanni in an order dated May 5, 2004. (TJB Order 5/5/04.) [Docket #

12] In that order, Judge Bongiovanni stated that both Neptune Township and the Shade Tree

Commission were entitled to immunity in this matter, and therefore should not be joined. (*Id.*)

On December 15, 2004, the Beekmans notified the Court that they had reached a

settlement agreement with the Wilsons. (Not. of Settlement.) [Docket # 15] Pursuant to that

settlement agreement, the Court signed a consent order on January 3, 2005 that entered judgment

against the Beekmans in the amount of $950,000. (GEB Order 1/3/05) [Docket # 16] Further,

that order expressly preserved the Beekmans' right to appeal Judge Bongiovanni's denial of their

motion to file a third-party complaint [Docket #16]. (*Id.*) The Beekmans appealed Judge

Bongiovanni's order [Docket #12] on February 2, 2005. (Beekman Not. of Appeal.) [Docket #

---

[1]     47 Main Avenue, where Mr. Wilsons' accident occurred, is within the section of Neptune Township commonly known as Ocean Grove.

17] In an opinion filed September 19, 2006, the United States Court of Appeals for the Third

Circuit ruled that the Beekmans' motion to file a third party complaint was properly denied as to

the Township of Neptune, but was improperly denied as to the Shade Tree Commission.  (COA

Mandate) [Docket # 26] The Court of Appeals concluded that Neptune Township was clearly

entitled to immunity based upon N.J. statutory law but, "[a]t this stage of litigation, the Shade

Tree Commission's entitlement to immunity is unclear."  (*Id.* at p. 5.)

Based upon the Third Circuit's mandate, this Court allowed the Beekmans to file a third-

party complaint against the Shade Tree Commission on May 27, 2007.  (3d Party Compl.)

[Docket # 32]  In sum, that complaint alleges that the defect in the sidewalk that abuts 47 Main

Avenue was caused by the expanding roots of an adjacent shade tree.  (*Id.*)  The Beekmans assert

that the Shade Tree Commission had a duty to maintain the tree in question, negligently failed to

maintain that tree, and the Shade Tree Commission's negligence was a contributing cause of the

Wilsons' injuries.  (*Id.*)  The Beekmans seek indemnity from the Shade Tree Commission on that

basis.  (*Id.*)

The Shade Tree Commission argues that it has no responsibility to indemnify the

Beekmans and moves for summary judgment.  The Beekmans oppose that motion.  After

reviewing the parties' submissions, the Court concludes that the New Jersey Tort Claims Act,

N.J.S.A. 59:4-1-10, provides immunity to the Shade Tree Commission under the facts of this

case as a matter of law, and will grant summary judgment to the Commission on that basis.

**II.     DISCUSSION**

**A.  Legal Standard**

A party seeking summary judgment must "show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV.

P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*,

789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine

factual issues that properly can be resolved only by a finder of fact because they may reasonably

be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)

(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving

party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist,

the court must view the underlying facts and draw all reasonable inferences in favor of the

non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587,

(1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### B. Application

In their various submissions to the Court, the parties spend considerable time on the

question whether the Shade Tree Commission was responsible for maintaining either the tree, or

portion of sidewalk that is at issue in this case. That question is moot. Assuming *arguendo* that

the Shade Tree Commission did owe a duty of care, the Court concludes that the New Jersey Tort

Claims Act (hereinafter the "NJTCA"), N.J.S.A. 59:4-1-10, provides immunity to the Shade Tree

Commission under the facts of this case as a matter of law. The Court will grant summary

judgment to the Shade Tree Commission on that basis.

The NJTCA provides public entities with immunity from suit in certain circumstances.

N.J.S.A. 59:4-2. Under the NJTCA, in order for a public entity to be liable for civil damages, a

plaintiff must establish the following five elements: (1) a dangerous condition existed on the

property in question at the time of the instant injury; (2) that dangerous condition proximately

4

caused the instant injury; (3) that dangerous condition created a foreseeable risk of the type of

injury that occurred; (4) that the public entity had actual or constructive knowledge of the

dangerous condition; (5) that the action, or inaction, of the public entity with respect to protecting

the public from the dangerous condition was not "palpably unreasonable." *Bligen v. Jersey City

Hous. Author.*, 131 N.J. 124,137 (N.J. 1993)(internal citations omitted).   With regard to the fifth

element, "palpable unreasonableness," the NJTCA specifically states, "[nothing] in this section

shall be construed to impose liability upon a public entity for a dangerous condition of its public

property if the action the entity took to protect against the condition or the failure to take such

action was not palpably unreasonable."  N.J.S.A. 59:4-2.  It is well established that under the

NJTCA a plaintiff must prove that the public entity's actions, or failure to act, constitute more

than simple negligence.  As stated by the court in *May v. Atlantic City Hilton*, the legal standard

is as follows:

> Palpable unreasonableness connotes a 'more obvious and manifest breach of duty'
> than mere negligence. The term 'implies behavior that is patently unacceptable
> under any given circumstance.'  As is so with respect to plaintiff's prima facie
> case, the burden of proof with respect to unreasonableness is on the plaintiff.

*May v. Atlantic City Hilton*, 128 F. Supp. 2d 195, 201-202 (D.N.J. 2000)(internal citations

omitted).  The *May* court further noted that, "Whether or not a public entity's actions were

palpably unreasonable 'is a jury question . . . except in cases where reasonable men could not

differ.'" (*Id.*)(internal citations omitted).

Applying this law to the facts of this case, the Court concludes that the Shade Tree

Commission's actions, or in actions, were not "palpably unreasonable" as a matter of law.  The

parties do not dispute that Mr. Wilson tripped on an uneven sidewalk in front of the Beekman

5

and Beekman law firm at 47 Main Avenue.  The parties' submissions to the Court indicate that

area of sidewalk contained a raised ledge where two slabs of concrete met.  (Posusney Report at

2.)  That raised ledge varied in height between three-quarters of an inch and one inch, and was

approximately 54.5 inches long.  (*Id.*)  The parties submitted two sets of photographs that

illustrate this area of sidewalk.  The first set of photographs shows the sidewalk from a

panoramic perspective.  (Tripodo Cert. Ex. G.)  In those panoramic photographs, the sidewalk

looks perfectly normal to the naked eye, with no apparent abnormalities.  (*Id.*)  The second set of

photographs, taken by Professional Engineer John S. Posusney, illustrates the ledge over which

Mr. Wilson tripped with the help of a ruler and a level.  (Tripodo Cert. Ex. M.)  In that picture,

the ledge in question appears to be less than one inch high.  (*Id.*)  During his deposition,

Defendant/Third-Party Plaintiff Don Beekman, owner of the property at 47 Main Avenue,

described the condition of the sidewalk as follows, "it looked like it was just a matter of over a

course of time there was a shifting in that particular slab that made the one end go up and the

other end go down a little bit."  (Beekman App. Ex. I. at p. 23, ln. 1-4.) With regard to the shade

tree that allegedly caused the ledge to appear in the sidewalk, Mr. Beekman noted, "[c]ertainly

there was nothing showing up that would indicate there was a problem with the tree roots up in

the area where this particular part of the sidewalk was uplifted."   (Beekman App. Ex. I. at p. 21,

ln. 22-25.)  Nowhere in their submissions to the Court do the Beekmans allege that, prior to Mr.

Wilsons' accident, anyone was injured as a result of the uneven sidewalk at 47 Main Avenue.

As noted previously, in order for a public entity to be held liable under the NJTCA, that

entity's actions, or failure to act, must be "palpably unreasonable."  That standard has been

further defined as, "behavior that is patently unacceptable under any given circumstance."  *May* at

201-202.  Given the basic undisputed facts of this case, reasonable jurors could not conclude that the Shade Tree Commission's failure to correct the uneven sidewalk at 47 Main Avenue was "patently unacceptable under any given circumstance."  In July of 2002, Mr. Wilson was injured when he tripped over a ledge in the sidewalk that was no more than one inch high.  At the time Mr. Wilson was injured, Mr. Beekman admits that "[c]ertainly there was nothing showing up that would indicate there was a problem with the tree roots up in the area where this particular part of the sidewalk was uplifted."  (Beekman App. Ex. I. at p. 21, ln. 22-25.)  Indeed, the record indicates that Mr. Beekman did not even suspect that the shade tree's roots might be the cause of the sidewalk upheaval until after Mr. Wilson's accident occurred.

In sum, given the small size of the sidewalk upheaval in question, and the total lack of evidence that the Shade Tree Commission either knew or should have known that the upheaval may have been caused by a shade tree, the Shade Tree Commission's failure to level the sidewalk cannot, as a matter of law, be deemed "palpably unreasonable."  Because the Shade Tree Commission's failure to level the sidewalk was not "palpably unreasonable," the NJTCA immunizes the Shade Tree Commission from liability in this case.  As such, the Court will grant the Shade Tree Commission's motion for summary judgment.

III.    **CONCLUSION**

For the foregoing reasons, the Court will GRANT the Shade Tree Commission's motion for summary judgment.  In light of this decision, the Court will order that this case be CLOSED.

Dated: November 10, 2008

                    /s/ Garrett E. Brown, Jr.
                    GARRETT E. BROWN, JR., U.S.D.J.

8